IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02034

JONATHAN BLAUFARB, derivatively on behalf of Biogen Inc.,

    Plaintiff,

v.

MICHAEL R. MCDONNELL, et al.,

    Defendants.

**PLAINTIFF'S UNOPPOSED MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS PURSUANT TO 28 U.S.C. § 1404(a)**

Plaintiff Jonathan Blaufarb ("Plaintiff") in the above-captioned shareholder derivative case[1] brought derivatively on behalf of Biogen Inc. ("Biogen" or the "Company") respectfully moves on an unopposed basis for the Court to enter an order transferring the *Blaufarb* Action to the United States District Court for the District of Massachusetts (the "District of Massachusetts") pursuant to 28 U.S.C. § 1404(a).

Biogen's headquarters is in Cambridge, Massachusetts, which is situated inside the District of Massachusetts. The conduct alleged in Plaintiff's Complaint (ECF No. 1) relates to statements that were made by Biogen from Massachusetts. On September 9, 2024, defendants in a related securities class action involving Biogen, captioned *Gray v. Biogen Inc. et al.*, Case No. 1:24-cv-01444-PAB-KAS ("*Gray* Action") filed an unopposed motion to transfer the *Gray* Action from

---

[1] Hereinafter referred to as the "*Blaufarb* Action."

1

this Court to the District of Massachusetts. (*Gray* Action, ECF No. 26). For these reasons and as set forth herein, the District of Massachusetts is a proper venue for this action.

## ARGUMENT

The *Blaufarb* Action is a shareholder derivative lawsuit brought on behalf of and for the benefit of Biogen that seeks to remedy wrongdoing committed by certain of the Company's current and former officers and directors including Michael R. McDonnell ("McDonnell"), Christopher A. Viehbacher ("Viehbacher"), Michel Vounatsos ("Vounatsos"), Alexander J. Denner, Caroline D. Dorsa, Maria C. Freire, William A. Hawkins, William D. Jones, Jesus B. Mantas, Richard C. Mulligan, Stelios Papadopoulos, Eric K. Rowinsky, and Stephen A. Sherwin (collectively, the "Individual Defendants," with Biogen, the "Defendants," and together with the Plaintiff, the "Parties"). (ECF No. 1, ¶ 1). Among other claims, Plaintiff's Complaint alleges derivative claims under Sections 14(a), 10(b), and 21D of the Securities Exchange Act of 1934 (the "Exchange Act"). *Id*. As such, various of Plaintiff's claims are subject to exclusive federal jurisdiction (see 15 U.S.C. § 78aa(a)).

Federal district courts usually consider each of the following four elements in considering motions to transfer pursuant to 28 U.S.C. § 1404(a): "For the **convenience** of parties and witnesses, in the **interest of justice**, a district court may transfer any civil action to any other district or division **where it might have been brought** or to any district or division **to which all parties have consented**." (emphases added).

In this instance, the *Blaufarb* Action could have been initiated in the District of Massachusetts, Defendants do not oppose the transfer of the *Blaufarb* Action to the District of Massachusetts, none of the Parties are located or have significant connections to the District of

2

Colorado, Biogen is headquartered in the District of Massachusetts, and several of the Defendants have already moved this Court to transfer the related *Gray* Action, on an unopposed basis, to the District of Massachusetts. For these reasons, the District of Massachusetts is an appropriate forum for this action, and Plaintiff respectfully requests that this action be transferred to the District of Massachusetts.

### I.  Venue is Proper in the District of Massachusetts

"A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). Further, here, the *Blaufarb* Action may have been brought in the District of Massachusetts since Plaintiff's Complaint alleges violations of the Exchange Act, and under the Exchange Act, a case may be brought in any district "wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. §§ 78aa(a), 77v(a). Since Biogen's principal place of business is in Cambridge, Massachusetts, Biogen is subject to personal jurisdiction in the District of Massachusetts. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). As such, the District of Massachusetts is the proper venue for the *Blaufarb* Action because Biogen is headquartered in the District of Massachusetts, several of the Individual Defendants are employed by Biogen in the District of Massachusetts, and the *Blaufarb* Action alleges multiple claims that arise under the Exchange Act.

### II.  Several of the Defendants Have Already Moved to Transfer the *Gray* Action to the District of Massachusetts

On September 9, 2024, Defendants Viehbacher, McDonnell, and Counatsos and Biogen filed an unopposed motion to transfer the related *Gray* Action from this Court to the District of Massachusetts. (*Gray* Action, ECF No. 26). In their motion, these Defendants argue that the *Gray* Action "could have been brought against Defendants in the District of Massachusetts, all parties

3

consent to transfer to the District of Massachusetts, the District of Colorado is inconvenient as no parties reside here and key witnesses and evidence will likely be concentrated in the District of Massachusetts, and the interests of justice will be better served through litigation in the District of Massachusetts." *Id.* Moreover, as the claims asserted by Plaintiff in the *Blaufarb* Action are factually related to, and based in substantial part on, the allegations made in the *Gray* Action, it would support the interests of efficient and effective case management and the conservation of judicial and litigant resources for the *Blaufarb* Action and the *Gray* Action to be adjudicated in the same forum.

### III. Convenience and Interests of Justice Support Transfer to the District of Massachusetts

The District of Massachusetts is a far more convenient forum for the Parties. As Biogen's principal place of business is in Massachusetts, much of the alleged conduct occurred in Massachusetts, including the issuance of public statements from Biogen's corporate headquarters in Massachusetts. Additionally, much of the files, documents, and emails are likely located in Massachusetts, along with any potential witnesses and many of the Individual Defendants themselves. In any event, relevant documents and individuals are far likelier to be closer in proximity to Massachusetts than to Colorado. Indeed, Defendants Viehbacher, McDonnell, and Counatsos and Biogen point out in their unopposed motion to transfer the related *Gray* Action from this Court to the District of Massachusetts that "[t]here is no known evidence—either in terms of potential witnesses or relevant documents—located in Colorado" and "the overwhelming majority of documents concerning the allegations in the [*Gray* Action's] Complaint are likely to be located in Massachusetts at Biogen's corporate headquarters." (*Gray* Action, ECF No. 26).

### IV. Counsel for Defendants Do Not Oppose Transfer

Counsel for Defendants have conferred with Plaintiff's undersigned counsel and do not oppose the relief sought by this motion, thus further weighing in favor of this case being transferred to the District of Massachusetts. *See Hampton v. Meli*, 2022 WL 951851, at *1 (W.D. Wis. Mar. 30, 2022) (finding that transfer under 28 U.S.C. § 1404(a) was proper where "defendants' motion [to transfer] [wa]s unopposed and a transfer serve[d] the parties, witnesses and the interest of justice").

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that, pursuant to 28 U.S.C. § 1404(a), the Court enter an Order transferring the *Blaufarb* Action to the District of Massachusetts. Defendants do not oppose the relief requested.

Dated: October 4, 2024           Respectfully submitted,

                                                   */s/ Timothy Brown*
                                                   Timothy Brown
                                                   **THE BROWN LAW FIRM P.C.**
                                                   767 Third Avenue, Suite 2501
                                                   New York, NY 10017
                                                   Telephone: 516-922-5427
                                                   E-mail: tbrown@thebrownlawfirm.net

                                                   *Attorney for Plaintiff*

**CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(A)**

      I confirm that Plaintiff has conferred with the opposing counsel in good faith regarding this motion, as required under local rule D.C. COLO. LCivR 7.1(a), and that opposing counsel assented to the relief sought in this motion.

      */s/ Timothy Brown*
      Timothy Brown

**CERTIFICATE OF SERVICE**

      I certify that on October 4, 2024, I filed the foregoing document with the Clerk of Court using the CM/ECF method, which filing electronically served all counsel of record thereby.

      */s/ Timothy Brown*
      Timothy Brown